UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRA ENTIZNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2997-B |
| | § | |
| SMITH MOOREVISION LLC, d/b/a | § | |
| Prescott Children's Academy, JULIA | § | |
| SMITH, and CHAD SMITH, | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Myra Entizne's Motion for Entry of Default Judgment (doc. 8),

filed on October 3, 2013. For the reasons discussed below, the Court **GRANTS in part** and

**DENIES in part** Plaintiff's Motion.

I.

BACKGROUND

This case was originally filed on August 1, 2013. In her Complaint (doc. 1), Plaintiff Myra

Entizne alleges that she was employed by Defendants from February 2012 through June 2013. Doc.

1, Orig. Compl. ¶ 6. Entizne alleges that "during one or more weeks" of her employment,

"Defendants intentionally failed to pay [her] the federally mandated minimum wage for each hour

worked during the workweek." *Id.* ¶ 7. Entizne claims that Defendants' conduct violated the Fair

Labor Standards Act (the "FLSA"), as amended, 29 U.S.C. § 216(b), thus entitling her to actual and

compensatory damages equal to the unpaid wages she is owed. *Id.* ¶ 8.

On August 14, 2013, process was served on Defendants at the address 2804 Norwood Lane,

Arlington, Texas 76013. Doc. 8, Returns of Service Exs. A-C. To date, Defendants have failed to answer or otherwise make an appearance in this case. Consequently, on September 18, 2013, the Clerk of the Court entered a default (doc. 6) against Defendants. Entizne filed her present motion on September 18, 2013. Doc. 8, Motion for Default Jmt. Defendants have again failed to respond. Entizne's motion is now ripe for review.

## II.

## LEGAL STANDARDS

A.    *Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b). Through the entry of default judgment, the "conduct on which liability is based may be taken as true as a consequence of the default." *Frame v. S-H Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis. *See, e.g., Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *2-*3 (S.D. Tex. Oct. 5, 2011). First the court must consider whether the entry of default judgment is appropriate under the circumstances. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for

default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.* Second, the court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

## III.

## ANALYSIS

A.    *Whether Default Judgment is Appropriate*

In deciding whether default judgment is appropriate in this case, the Court first considers the six factors outlined in *Lindsey*. The Court finds that these factors all weigh in favor of default. First, Defendants have not filed any responsive pleadings. Consequently there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). In addition, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Indeed, Defendants have had plenty of time–almost eight months–to answer and have filed nothing with the Court to explain their reticence. *Cf. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). The Defendants' complete

failure to respond during these last eight months therefore mitigates the harshness of a default judgment. *John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).  Furthermore, Entizne only seeks the relief to which she is entitled under the FLSA. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsey*, 161 F.3d at 893. Therefore, the Court concludes that default judgment is proper.

B.      *Whether There is a Sufficient Basis for Judgment in the Pleadings*

        Due to their default, Defendants are deemed to have admitted the allegations set forth in the Complaint. Nonetheless, the Court must review the pleading to determine whether Entizne can establish a viable claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

        Entizne alleges that she was employed by Defendant Smith Moorevision LLC (Smith Moorevision), a company that both engaged in interstate commerce and owned and operated businesses engaged in commerce or in the production of goods for commerce. Doc. 1, Orig. Compl. ¶ 5. She further alleges that Defendants Chad and Julia Smith were both individuals who "acted directly or indirectly in the interest of" Smith Moorevision, making them employers as well under the FLSA. Doc. 1, Orig. Compl. ¶¶ 3-4. Entizne maintains that Defendants "intentionally failed to pay [her] the federally mandated minimum wage for each hour worked during the workweek" for one or more weeks. *Id.* ¶ 7. Pursuant to § 206(a)(1) of the FLSA, "every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce . . . wages" at a minimum specified rate. Thus, Entizne's allegations, which the Court

accepts as true based on Defendants' default, establishes a violation of the FLSA. *See Nishimatsu Constr.*, 515 F.2d at 1206. Consequently, the Court finds that there is a sufficient basis for judgment in Entizne's pleading.

C.    *Damages*

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Entizne requests unpaid minimum wage under the FLSA. In addition, she requests attorney's fees and costs. The Court considers each of these requests in turn.

1.    Unpaid Wages

The FLSA generally requires an employee to pay minimum wages pursuant to rates established in the statute. 29 U.S.C. § 206(a). Entizne claims she is owed $291.23 in unpaid wages for days that she worked between June 17 and June 28, 2013. Doc. 8, Entizne Decl. ¶ 2. Entizne provides her own declaration to support her request for unpaid wages in which she provides the exact amount of hours she worked during the weeks falling between June 17 and June 28, 2013, as well as a calculation of the amount of wages that she is owed. *Id.* ¶ 4. The Court finds that this affidavit is sufficiently detailed under the circumstances of this case and in light of the allegations in the Complaint to support the requested damages. *Cf. Gibbs v. Parr Mgmt., LLC*, No. 3:12-CV-

4474-L, 2013 WL 2355048 (N.D. Tex. May 29, 2013) (plaintiff provided detailed affidavit listing dates and hours worked to support overtime claim). Accordingly, the Court **GRANTS** Entizne's request for $291.23 in unpaid wages.

2.    Liquidated Damages

Entizne also claims that she is entitled to liquidated damages. A plaintiff is entitled to liquidated damages equal to the amount of unpaid wages for willful violations of the FLSA. 29 U.S.C.A. § 216(b). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Because Defendants have failed to respond to Entizne's Complaint, they have also failed to sustain their burden of showing good faith. Consequently, the Court finds that Entizne is entitled to her requested liquidated damages.

3.    Attorney's Fees and Costs

Finally, the Court considers Entizne's request for attorney's fees and costs. "The FLSA authorizes a prevailing party in an FLSA proceeding to recover costs and attorney's fees, and the award of attorney's fees . . . is mandatory." *Bell*, 2011 WL 2550846, at *3; *see* 29 U.S.C.A. § 216(b). Entizne seeks $2,355.00 in attorney's fees and $815.26 in costs. In support of this request, Entizne submits the declaration of her attorney, Jonathon Sandstrom Hill, as well as the billing records of his law firm, The Ross Law Group. These documents detail the charges and expenses incurred during this litigation.

1.    *Attorney's fees*

The Fifth Circuit has described the basic procedure and standard for determining attorney's

fees as follows:

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cnty*, 621 F.3d 372, 379-80 (5th Cir. 2010)). The *Johnson* factors are (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19. Accordingly, the Court will apply the lodestar method and make adjustments, if necessary, with respect to the *Johnson* factors.

The first step in the lodestar analysis requires the Court to determine the reasonable number of hours expended by Entizne's attorney on the lawsuit, as well as the reasonable hourly rate for the attorney involved. *Smith*, 478 F. App'x at 124; *Williams v. Kaufman Cnty*, No. 3:97-CV-0875-L, 2003 WL 21755913, at *5 (N.D. Tex. July 30, 2003). Here, Entizne's attorney has provided a time sheet

indicating the amount of work performed in the case. Attorney Jonathan Sandstrom Hill expended 6.9 hours of his time at a rate of $300.00 per hour. Doc. 8, Hill Decl. & Invoice Ex. E. In addition, a paralegal performed 3.0 hours of work at a rate of $95.00 per hour. *Id.*

After reviewing Mr. Hill's declaration as well as his supporting invoice, the Court finds that the time expended by both him and his paralegal was reasonable. Nothing indicates that either individual was billing for "excessive, duplicative, or inadequately documented" time. *Smith*, 478 F. App'x at 124. Consequently, the Court accepts these hours as part of its lodestar calculation.

With respect to the hourly rates, the Court also finds the amounts were reasonable. Hill avers that his rate is in line with the range of fees customarily charged in Central Texas by lawyers with similar experience and expertise. Doc. 8, Hill Decl. & Invoice ¶ 4. In light of his declaration as well as the Court's own knowledge of rates charged for legal services by attorneys in the area with similar levels of skill, experience, and competence, the Court is comfortable using this hourly rate of $300.00. The Court is similarly comfortable using the rate of $95.00 per hour for Mr. Hill's paralegal.

Accordingly, the Court finds the lodestar for attorney's fees to be: (1) $2,070 for Mr. Hill (6.9 hours x $300.00); and (2) $285 for his paralegal (3.0 hours x $95.00). Considering the twelve *Johnson* factors described above, the Court does not think it is necessary to make any adjustment to these figures. Accordingly, Entizne's motion for attorney's fees is **GRANTED** in the amount of $2,355.00.

   *2.*  *Costs*

Lastly, the Court considers Entizne's request for costs. A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise.

*See* Fed. R. Civ. P. 54(d)(1). In addition, pursuant to § 216(b) of the FLSA, the court may allow costs to be paid by a defendant. 29 U.S.C. § 216(b). Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) printing costs and witness fees; (4) fees for copies of papers necessarily obtained for use in the case; (5) certain docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Here, Entizne seeks $815.26 in costs, namely filing fees ($400.00), service of process fees ($270.00), and printing, postage, electronic data storage, and legal research fees ($145.26). Courts have generally been reticent to grant costs beyond those items enumerated in 28 U.S.C. § 1920. *See Hernandez v. Aleman Const.*, No. 3:10-CV-2229-BN, 2013 WL 5873289, at *6-*7 (N.D. Tex. Nov. 1, 2013) (rejecting a request for costs including process serving, mediation services, mileage, parking, office supplies, teleconferencing, and FedEx shipping); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (noting that "the Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary.") (citations omitted). Entizne does not cite to any statutory authority, nor can the Court find any, that would allow her to recover service of process, postage, electronic data storage, and legal research fees. Therefore the Court **GRANTS in part** Entizne's request for costs, awarding her filing fees and printing costs in the amount of $406.75.

## IV.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS in part** and **DENIES in part** Entizne's Motion for Default Judgment. Specifically, the Court **GRANTS** Entizne's request for unpaid wages and liquidated damages for a combined total amount of $582.46. The Court also **GRANTS**

Entizne's request for attorney's fees in the amount of $2,355.00, and Entizne's request for costs in the amount of $406.75. The Court **DENIES** Entizne's request for certain costs that fall outside the enumerated items in 28 U.S.C. § 1920.

      **SO ORDERED.**

      **SIGNED: April 22, 2014.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE